UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHAMARK K. WILLIAMS,                                         :
                                                             :
                  Plaintiff,                        :      23-CV-4016 (DEH) (OTW)
                                                             :
                  -against-                         :      **ORDER**
                                                             :
THE CITY OF NEW YORK and                                     :
POLICE OFFICER JASON LEWIN                                   :
                                                             :
                  Defendants.                       :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Plaintiff's motion to file a sur-reply to Defendants' motion for summary judgment. (ECF 83).

The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provide that a party moving for summary judgment under Rule 56 must submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The party opposing the motion then must respond with a counter-statement with correspondingly numbered paragraphs, and each statement made by the moving party that is not "specifically controverted " in the opposing party's counter-statement "will be deemed to be admitted for purposes of the motion." Local Civ. R. 56.1(c).

"A summary judgment motion in a *pro se* case may be granted as unopposed if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Warren v. Chem. Bank*,

No. 96 Civ. 6075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999) (internal quotation marks and citation omitted).

A court will "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489,491 (2d Cir. 2007) (internal quotation marks and citations omitted). But a *pro se* party's "bald assertions, unsupported by evidence, will not overcome a motion for summary judgment." *Kennedy v. Arias*, No. 12 Civ. 4166, 2017 WL 2895901, at *7 (S.D.N.Y. July 5, 2017) (internal quotation marks, citation, and alterations omitted). As such, Plaintiff's motion to file a sur-reply is **GRANTED** to **December 19, 2025** in order to give Plaintiff an opportunity to meaningfully reply to the motion for summary judgment.

Defendants are reminded of their notice obligations under Local Civil Rules 56.2 and Rule 5.b. of Judge Ho's Individual Practices in Civil Pro Se Cases.

Defendants are directed to serve a copy of this order on Plaintiff and file proof of service on the docket by **December 2, 2025**.

**SO ORDERED.**

Dated: November 25, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge