UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMARK WILLIAMS,

Plaintiff,

v.

THE CITY OF NEW YORK, ET AL,

Defendants.

23 Civ. 4016 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

In this action, Plaintiff Shamark Williams ("Plaintiff" or "Williams"), proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 for (1) false arrest, (2) malicious prosecution, (3) excessive force, and (4) various violations of his Fifth and Fourteenth Amendment due process rights.[1] On September 12, 2025, Defendants jointly moved for summary judgment.[2] On August 13, 2026, Magistrate Judge Wang issued a Report and Recommendation (the "Report") recommending that Defendants' motion be granted on all claims.[3] The deadline to file objections to the Report was 14 days, including weekends and holidays, after being served.[4] Williams was served with a copy of the Report on August 17, 2026, and proof of service was filed on the docket.[5] On August 18, 2026, Williams emailed his objections to the Clerk of Court; however, they did not appear on the docket because they were not in PDF format. On September 3, 2026, the Court issued an Order

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] ECF No. 57.

[3] ECF No. 90.

[4] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6.

[5] ECF No. 91.

accepting the objections as timely in spite of the deficiencies, and ordered Defendants to file any responses to the objections by September 17, 2026.[6] Defendants timely filed their responses.[7]

## LEGAL STANDARD

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8] For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.[9] For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[10]

An objection is proper when it is timely, specific, and does "not raise new arguments not previously made before the magistrate judge."[11] A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] requir[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge."[12] But, when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke de novo review."[13]

---

[6] ECF No. 92.

[7] ECF No. 94.

[8] 28 U.S.C. § 636(b)(1)(C).

[9] Fed. R. Civ. P. 72(b)(3).

[10] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

[11] *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

[12] *Id.* at 359-60.

[13] *Owusu v. N.Y. State Ins.*, 655 F.Supp.2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the

However, "threadbare recitals" and "mere conclusory statements, do not suffice . . . ."[14]

## DISCUSSION

This action is assigned to Magistrate Judge Wang for general pretrial supervision and report and recommendation on dispositive motions.[15] Familiarity with the factual background and relevant procedural history of this case as set out in the Report is assumed. Briefly, however, this dispute arises from an altercation between Williams and a non-party that resulted in Williams's arrest and prosecution.

Williams objects to the Report's conclusions because "several conclusions depend on resolving disputed evidence in Defendants' favor rather than determining whether the record permits a reasonable factfinder to reach a different conclusion."[16] Williams also objects on the ground that the Report is purportedly "inconsistent" because in one portion of the Report, Magistrate Judge Wang refers to "hypothetical" *Monell* claims but concludes that summary judgment should be granted on "all claims."[17]

These objections are improper because they are not specific; instead, the objections are merely an attempt to engage this Court "in a rehashing of the same arguments set forth in the original [papers]."[18] Williams does not point to facts Magistrate Judge Wang failed to consider, but rather believes the legal conclusions drawn from them are improper. These are not new

---

objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").

[14] *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

[15] ECF No. 7.

[16] Pl.'s Objs. to R. & R. at 1, ECF No. 93.

[17] *Id.* at 2.

[18] *Owusu*, 655 F. Supp. at 313.

arguments. Accordingly, the Court reviews for clear error and is satisfied that there is no error, clear or otherwise, in the Report.

To the extent Magistrate Judge Wang refers to any claims as hypothetical, the Court interprets this as the magistrate judge applying the correct standard in examining Williams's pro se submissions with "special solicitude"[19] "and . . . interpret[ing] them to raise the strongest arguments that they suggest."[20] There is nothing improper with Magistrate Judge Wang analyzing claims not explicitly raised by Williams to ensure all potential avenues of relief are appropriately considered by the Court, but reaching the conclusion that Defendants have met their burden in showing that no reasonable factfinder could find in his favor with respect to such a hypothetical claim.

**CONCLUSION**

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL**. As set forth in the Report, Defendants have carried their burden to show that no reasonable factfinder could find in favor of Plaintiff on false arrest, malicious prosecution, excessive force, and municipal liability. Accordingly, the Clerk of Court is respectfully requested to terminate ECF No. 57 and close this case.

SO ORDERED.

Dated: September 25, 2026
New York, New York

DALE E. HO
United States District Judge

[19] *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[20] *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).